BY THE COURT.
Good work in one place, is not, ex necessitate, good work everywhere else. The stipulation here is silent as to the kind of work, but the law implies a promise to do the work according to the common method among workmen of doing that kind of work in that neighborhood. Good work on a mill in the city of New York, might be very different from good work for a mill in the backwoods. The law implies only what is usual and common, taking into view the place of the work, the use intended, and *484 the price stipulated to be paid. You may therefore ask as to the quality of such work, compared with the price, in that section of country. The construction of the national road and of the canal, has introduced amongst ns a different style of work, from what 472] *generally prevailed before, but we cannot say that in common acceptation, that is the usual standard of good work.
Stetson and W. Silliman, for the plaintiff, to jury.
Stillwell, contra, contended the work was not well done, the money paid was more than sufficient for the work done, and that the defendant was entitled to a verdict for the sum overpaid.
WRIGHT, J. to the jury. By the admission of the parties, if the work has been done according to the contract, in the usual mode of doing such work in the country, the plaintiff is entitled to your verdict for $215.26, and interest. It is urged that the work was not well done. You will inquire as to this. If unskilfully done, was it so done under the immediate direction of the defendants, or to-their acceptance If not, the defect is chargeable upon the plaintiff, and will reduce his compensation the amount of the defect, if not greater than the sum due. But you cannot give the defendant a verdict under his notice, for any balance of damage over the sum due, because it does not apprise the plaintiff of his intention to claim it.
Verdict for the plaintiff, $245.37.